REGAN, Judge.
Plaintiff, Joseph M. P. Lacaze, the owner and operator of a Pontiac Sedan, instituted this suit against defendants, William G. Morway and his insurer, Maryland Casualty Company, endeavoring to recover the sum of $189.38, for property damage, $40 .for rental of a truck for thirteen days to replace his vehicle and $7 for wrecker service, all of which were incurred on Sunday, August 27, 1950, at about 3:00 a. m. in consequence of a collision near the intersection of Elysian Fields Avenue and Benefit Street, in the City of New Orleans, with a Chevrolet Sedan, owned and negligently operated by the defendant Morway.
Defendants answered and denied that they were guilty of any negligence in the premises and averred that the accident was caused solely by the negligence exemplified by the plaintiff; in the alternative defendants pleaded plaintiff’s contributory negligence.
There was judgment in the court a qua in favor of defendants, Morway and Maryland Casualty. Company, dismissing plaintiff’s *792 suit and he has, therefore, prosecuted this appeal.
The mechanics of this litigation reflect. that defendant, Morway, in lieu of reconvening in this suit for the. damages incurred to his vehicle as a result of the foregoing collision, chose to litigate as plaintiff in a separate suit entitled Morway v. Lacaze, 57 So.2d 794 of this court. In that case the trial court rendered a judgment in favor, of Lacaze, defendant therein, and dismissed Morway’s suit. These cases have been consolidated to facilitate argument in this court by virtue of the fact that both suits are identical involving the same parties plaintiff and defendant endeavoring to recover property damages incurred in the same accident. Our opinion herein will, of necessity, encompass issues involved in both suits.
The record, as usual, is embellished with irreconcilable disputations ad infinitum and reveals two versions of the accident which are fundamentally antagonistic to each other.
Lacaze testified that he was driving his automobile, accompanied by a female companion, 25 or 30 miles 'per hour in the left traffic lane of Elysian Fields Avenue away from the river towards the lake; when he had arrived at a point within seventy-five to one hundred 'feet of the intersection of Elysian Fields Avenue and Benefit Street, he observed Morway’s car “stopped” in a driveway exiting into Elysian Fields Avenue, and which is located on the lakeside of and about fifteen or twenty feet removed from the corner of Benefit Street. This driveway services the parking area' maintained in conjunction with a restaurant and bar operated by Wallace & Raoul, which is likewise located on the downtown lake corner of Elysian Fields Avenue and Benefit Street. In any event, Lacaze, inticipating that Morway would remain “at a stop” in the driveway and permit the lakebound Elysian Fields Avenue traffic to clear, continued on his course; simultaneously defendant impulsively dashed from his parked position in the driveway diagonally across and against the lakebound Elysian Fields traffic, intent upon reaching Benefit Street and thus avoid the necessity of driving around the block. Lacaze,. realizing that a collision was imminent, endeavored to avoid it by swerving his vehicle sharply to the right, however, his effort was unsuccessful. The front wheels of Morway’s car struck the curb of the Elysian Fields Avenue neutral ground at a point some feet removed from the Benefit Street intersection and, thereupon, the left front section of Lacaze’s vehicle struck the left rear section of Morway’s vehicle, resulting in damages to both vehicles which are the subject matter of this litigation. Lacaze’s vehicle came to a stop almost at the immediate situs of the impact and Morway’s-vehicle was facing the river, in Elysian Fields Avenue, with one or more of its-wheels in the neutral ground thereof. Lacaze stated that both Morway and his wife were obviously intoxicated and that Morway agreed to make restitution for Lacaze’s damages because he was covered by insurance.
Lacaze contends that Morway was guilty of negligence in that “he was driving while drunk”; “was proceeding against traffic”; “stopped his automobile across the main lane of traffic” and “he did not wait to see-if traffic was clear before proceeding into the intersection.”
Morway, who, on the occasion of the accident, was accompanied by his wife, in relating his version of the accident testified that at about 2:00 a. m. on the morning of the accident (the accident occurred at about 3:00 a. m.) he and his wife visited “Man-nie’s Tavern” located in St. Roch and Benefit Streets, approximately “four blocks”' removed from the situs of the accident; the reason for visiting this tavern was “a boy named Frank Golemy was leaving with the Marines and I wanted to stop there * * * and take a beer with him * * before he left”; he and his wife remained there about one hour and “drank one beer” ; that he did' not, shortly before the accident,, visit Wallace & Raoul’s Beer and Restaurant and, therefore, he could not have exited from their parking lot into Elysian Fields Avenue as Lacaze testified, immediately preceding the accident (although a credible witness testified 'for • Lacaze that *793 he had observed them at the Bar of Wallace & Raoul’s establishment shortly- before the accident). When Morway departed from Mannie’s Tavern he drove in the right traffic lane of Benefit Street to the intersection of Elysian Fields Avenue, where he came to a stop in obedience to a traffic sign located there and shifted to first gear; he looked to his left and observed “Lacaze approximately a block away”, driving “45 or 50 miles an hour”; he decided to proceed across Elysian Fields Avenue about 15 miles per hour; “I figured when I stopped and left Benefit Street to go across that I had enough time; when I got on the neutral ground and he hit me I realized he was going faster than I had thought”. Morway denied that he had informed Lacaze, after the occurrence of the accident, that he was covered by insurance and would, therefore, make restitution for his damages, or that either he or his wife were intoxicated.
Morway’s wife was the only witness who appeared on his behalf and she corroborated his testimony in all of its. essential aspects.
Morway maintains that the accident was caused by the gross negligence of Lacaze in “driving recklessly” at “an excessive and unlawful speed”; “failing to maintain a proper lookout”; “failing to respect Mor-way’s right of way, he having approached the intersection from the right and preempted it”, all in violation of the traffic ordinance No. 13,702 C.C.S. of the City of New Orleans.
The only question posed for our consideration by virtue of the foregoing facts is whether Morway’s negligence was the proximate cause of the accident.
We are of the opinion that Mor-way’s negligence was the proximate cause of the accident irrespective of whether we accept his or Lacaze’s version thereof, however, we choose to accept Lacaze’s version because of its credibility and plausibility.
Lacaze, to corroborate his version of the accident produced two disinterested witnesses, the first of whom was Donald Le-gier, a student attending Southwestern Louisiana Institute, who testified that a short time before the accident he had observed Morway , and a lady sitting at the bar in Wallace & Raoul’s establishment; he left the bar and walked over to his car which was parked nearby, where he and “a friend” engaged in conversation; his attention was subsequently attracted to Mor-way’s automobile, which was then moving and exiting over the Elysian Fields Avenue driveway of the parking area, when he heard Lacaze’s horn blow, and then observed the approach of his vehicle at a speed of 25 or 30 miles an hour; thereupon Morway momentarily came to a diagonal stop in the driveway, with the front o'f his car facing the general direction of the Elysian Fields Avenue and Benefit Street intersection; that Morway impulsively started off again headed against the lake bound traffic, at which moment the collision occurred as we have described in detail hereinabove.
The second disinterested witness to testify on behalf of plaintiff was Louis Giusti. He stated that he was driving his car 25 to 30 miles per hour approximately 150 or 200 feet in the rear of Lacaze, whose car was moving at about the same speed, and that he observed the lights of Morway’s car as he started to move from the Elysian Fields Avenue driveway servicing Wallace & Raoul’s Restaurant; Morway came to a stop then he darted diagonally into Elysian Fields Avenue, against traffic, and into the path of Lacaze’s car.
Lacaze did not produce as a witness, on his behalf, the female companion who was an occupant of the right front seat of his vehicle on the morning of the accident, and Morway’s counsel, therefore, vigorously insist that “there is a familiar -rule of law that when a litigant fails to produce a material witness, without explanation of the reason therefor, the presumption arises that had the witness been produced his testimony would have been unfavorable to the litigant.” Lacaze under vigorous cross-examination refused to reveal even her identity and it was only when Morway’s counsel finally confronted him with her name and other pertinent facts relating to her identity, did he reluctantly reveal the reason therefor, which, while we do not condone it, is as old as man’s monogamous civilization — that she *794 was a married woman, who, for obvious reasons “did not want to get involved.” In our opinion the reason for Lacaze’s non-production of this witness is sufficient unto itself and adequately defeats the application of the “rule of law” advocated by Mor-way.
Two credible and disinterested witnesses have corroborated Lacaze’s version .of the accident which, as a whole, reveals Morway to have been guilty of deliberate negligence in operating his vehicle against the Elysian Fields Avenue lake bound traffic and into the direct path of Lacaze’s car. Lacaze’s actions prior to the accident were entirely reasonable and prudent and we do not find one scintilla of evidence in the record which would convict him of any negligence in the premises.
If we were to accept Morway’s version of the collision, we would be compelled to find as a fact that he elected to gamble that he could leave his position of safety in Benefit Street and safely cross the path of a speeding automobile, the speed of which he had observed while “stopped” and when the Lacaze car was “a block away.”
Morway insists that Lacaze did not possess such ownership of the vehicle which he was operating on the morning of the accident as would entitle him to bring this action. Lacaze testified that he had agreed to purchase the car from Jesse S tires, for whom he was “building a home” and that he had made a down payment of about $300 on the car, at which time possession of the car and keys therefor, were given to him and that he was presently liquidating the repair bill on the car incurred as a result of the accident. This testimony stands uncontradicted in the record and, in our opinion, Lacaze has shown sufficient interest in the vehicle as would authorize him to bring this action.
By stipulation of counsel the estimated cost of repairing the physical damages incurred by both automobiles as a result of the accident was agreed upon as being correct.
The record reveals that Lacaze has adequately proven that he owes the sum of $40 to Anthony J. Chuter for rental of his truck for a period of thirteen days, during which time Lacaze’s automobile was being repaired. However, we fail to find any evidence in the record which would support Lacaze’s allegation that he paid $7 for wrecker service.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiff, Joseph M. P. Lacaze, and against the defendants, William G. Morway and Maryland Casualty Company, in the sum of $229.38, with legal interest from judicial demand until paid and for all costs.
Reversed.
JANVIER, J., absent, takes no part.